IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BENJAMIN DYKMAN,

       Plaintiff,

      v.                              Case No. 23C0217

BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM

       Defendant.

---

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

---

Plaintiff Benjamin Dykman filed this lawsuit against his former employer, the Board of the Regents of the University of Wisconsin System (Board). Dykman alleges the Board discriminated against him in violation of the Americans with Disabilities Act (ADA) when it reclassified his teaching appointment in March of 2014 based on perceived disabilities. In addition to Dykman's claims being barred by sovereign immunity and the statute of limitations, Dykman's disability discrimination claims were the subject of extensive state court litigation where the state court entered a final decision on the merits. Under the doctrine of claim preclusion, this Court must give the state court's determination preclusive effect and dismiss Dykman's lawsuit in its entirety.

**ALLEGATIONS IN DYKMAN'S COMPLAINT**

For approximately 20 years, Dykman worked at the University of Wisconsin-Madison in various roles, including Visiting Assistant Professor, Lecturer, and Senior

Lecturer. At the time of the alleged adverse action, Plaintiff held a "rolling-horizon" teaching appointment, which he characterizes as "relatively secure." Based on alleged poor performance, Plaintiff's rolling-horizon appointment was revoked and replaced with a fixed-term teaching appointment in March of 2014. Plaintiff appealed this decision through available internal processes.[1] During the pendency of his internal appeal, Plaintiff allegedly received an audio recording of the March 2014 meeting where his rolling-horizon appointment was changed to a fixed-term appointment. Plaintiff alleges that the recording demonstrates that prior to the vote to change his rolling-horizon appointment, some committee members "falsely described the Plaintiff as having a number of extreme of shocking disabilities, none of which he actually had."[2]

Upon discovering the recording of the March 2014 meeting, Plaintiff alleged that the change of his rolling-horizon appointment had been the product of disability discrimination. The Interim Provost, the final decisionmaker and final level of internal appeal for Dykman's complaint, upheld the decision to change Plaintiff's appointment to a fixed-term appointment. "Because the Provost's final decision was the University's final decision, and because that decision was itself replete with [disability discrimination] the Provost's…decision is the sole employer decision being contested in this civil action."[3]

---

[1] Dkt. 1 at ¶¶ 402-402(2).
[2] Dkt. 1 at ¶¶ 403-403(3).
[3] Dkt. 1 at ¶¶ 404-405(2).

Plaintiff brings his lawsuit under the Americans with Disabilities Act (ADA) and requests compensatory damages and injunctive relief.[4]

## FACTS FOR THE COURT TO TAKE ON JUDICIAL NOTICE

Under Fed. R. Evid. 201, a court may take judicial notice of a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction; or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

The rule further provides that the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Dykman's disability discrimination claim, the central claim of this lawsuit, was the subject of extensive and final litigation in the Wisconsin state court system. Defendant respectfully requests the Court to take judicial notice of the pertinent facts from Dykman's state court litigation, briefly summarized below, and attached in full based on publicly available documents from Dykman's state court litigation.

On August 12, 2019, Dykman filed *Benjamin M. Dykman v. Board of Regents of the University of Wisconsin*, case number 2019-CV-2237, in Dane County Circuit Court.[5] In Dykman's lawsuit, he sought judicial review of the Board's decision to change his rolling-horizon appointment to a fixed-term appointment. As in this

---

[4] Dkt. 1 at ¶¶ 500-601(3).
[5] All facts in this section are from publicly available dockets in Dykman's state court case. Information regarding Dykman's case is available via the Wisconsin Circuit Court Access system. Available at:
https://wcca.wicourts.gov/caseDetail.html?caseNo=2019CV002237&countyNo=13&index=0

lawsuit, Dykman alleged that the Board's decision was based on impermissible disability discrimination. As relief, Dykman requested that his rolling-horizon appointment be reinstated, and that the court provide additional injunctive and monetary relief.[6]

On June 8, 2020, Dane County Circuit Court issued its final decision and order in Dykman's lawsuit.[7] The court upheld the change of Dykman's rolling-horizon appointment, finding that Dykman had not met his burden to show that the Board's decision was based on disability discrimination or should otherwise be modified or set aside.[8] Dykman appealed the decision and on November 4, 2021, the Wisconsin Court of Appeals affirmed the circuit court's decision. The Court of Appeals considered Dykman's disability discrimination claim both on its timeliness and its merits. With respect to the merits of Dykman's disability discrimination claim, the Court of Appeals noted that the "transcript supports the Provost's determination that the evidence is insufficient to show that these comments were a 'motivating factor' leading to the decision to revoke his [rolling-horizon] appointment."[9]

Dykman later asked the Wisconsin Supreme Court to extend the time he had to file a petition to review the court of appeals' decision. By order dated January 13, 2022, the Wisconsin Supreme Court dismissed Dykman's motion, finding that the 30-

---

[6] Simcox Decl. ¶ 2, Ex. 1000.
[7] Simcox Decl. ¶ 3, Ex. 1001.
[8] Simcox Decl. ¶ 3, Ex. 1001 at pp. 3-5.
[9] Simcox Decl. ¶ 4, Ex. 1002 at ¶ 28.

day time period to file a petition could not be enlarged and the court had no jurisdiction in the matter.[10]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." A motion to dismiss tests the sufficiency of the complaint; it does not determine the merits of the lawsuit. *See Triad Assocs., Inc. v. Chicago Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989). To survive a Rule 12(b)(6) challenge, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that it "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007) (citation omitted).

Deciding a motion to dismiss, courts must accept the factual allegations as true, *see id.* at 572, in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013). A court does not accept as true "allegations in the form of legal conclusions," *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012). A complaint cannot simply contain "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Rather, it must include specific allegations that, if true, make the plaintiff's claim for relief more than speculative. *See Twombly,* 550 U.S. at 555.

---

[10] Simcox Decl. ¶ 5, Ex. 1003.

**ARGUMENT**

I. **Sovereign immunity bars Dykman's ADA claims against the Board.**

A. **An overview of the ADA**

The ADA "forbids discrimination in three major areas of life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." *Tennessee v. Lane*, 541 U.S. 509, 516–17 (2004). Only Title I will be discussed further, as it is the only Title implicated here.

Title I provides, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). In other words, Title I prohibits certain employers from discriminating against a qualified individual because of the individual's disability. *Bd. of Trs. Of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001). Additionally, the ADA prohibits coercing, intimidating, threatening, or interfering with a person's exercise or enjoyment of rights established by the ADA. 42 U.S.C. § 12203(b). Further, it prohibits a person from discriminating and retaliating against an individual "because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).

### B. An overview of sovereign immunity

While the ADA creates a private right of action, "[a] foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages" and injunctive relief. [11] *Coleman*, 566 U.S. at 35 (noting States are immune from damages); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–02 (1984) (noting States are immune from injunctive relief); U.S. Const. Amend. XI. Accordingly, sovereign immunity bars "suits against a State by its own citizens" and suits against the State "by citizens of another state." *Nelson v. La Crosse Cnty. Dist. Attorney*, 301 F.3d 820, 827 (7th Cir. 2002) (citation omitted). Sovereign immunity further bars suits against "state agencies and departments and, subject to the *Ex Parte Young* doctrine, to state employees acting in their official capacities." *Id.* at 827 n.7.

There are three exceptions to sovereign immunity that allow a state or state official to be sued. *Nuñez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016). First, a state can waive its immunity and consent to suit in federal court. *Id.* Second, Congress can abrogate a "state's immunity through an unequivocal exercise of legislative power." *Id.* Third, a state official is not immune from suit if the suit against the official seeks "prospective equitable relief." *Id.*

---

**C.    Sovereign immunity bars Dykman's ADA claim against the Board.**

Here, sovereign immunity bars Dykman's ADA claim against the Board. The Board is not a person, but rather an agency or arm of the State of Wisconsin. The Board is entitled to invoke the state's sovereign immunity and is immune from suit unless one of the three exceptions apply.  None do.

First, Wisconsin has not waived its immunity under the ADA or consented to suit in federal court.

Second, Congress has not abrogated Wisconsin's immunity through an unequivocal exercise of legislative power. Both the Supreme Court and the Seventh Circuit have concluded that Congress did not abrogate a state's sovereign immunity to claims under Title I of the ADA. *Garrett*, 531 U.S. at 360; *Erickson v. Bd. of Governors of State Colls. & Univs. For Ne. Ill. Univ.*, 207 F.3d 945, 952 (7th Cir. 2000). This Court must follow those decisions. *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("In a hierarchal system, decisions of a superior court are authoritative on inferior courts. Just as the court of appeals must follow decisions of the Supreme Court whether or not we agree with them, . . . so district judges must follow the decisions of this court whether or not they agree." (citation omitted)).

Third, Dykman has not sued a state official and has only sued the Board. As to who must be sued, a claim under the *Ex Parte Young* exception is authorized only "against an individual state actor in his or her official capacity." *Felix v. Wis. Dep't of Transp.*, 104 F. Supp. 3d 945, 957 (E.D. Wis. 2015). Indeed, the "individual nature of the defendant is an important element of the *Ex Parte Young* doctrine because 'the

8

view that sovereign immunity does not apply [is based on the notion that] an official who acts [contrary to federal law] is "stripped of his official or representative character,'" and thus stripped of the sovereign immunity of the state." *Id.* (alterations in original) (citing *Pennhurst*, 465 U.S. at 105). "Such a person is therefore 'subjected in his person to the consequences of his individual conduct [and] [t]he state has no power to impart him any immunity from responsibility to the supreme authority of the United States." *Id.* (alterations in original) (citing *Ex Parte Young*, 209 U.S. at 160). Dykman has sued the Board; he has not sued any individuals acting in their official capacities.[12] As a result, the *Ex Parte Young* exception does not apply. *Id.* ("Because Felix only sued the DOT, summary judgment is proper.")

In summary, as an arm of the State, the Board is shielded from Title I ADA claims. Because none of the exceptions to immunity apply here, the Board is protected by sovereign immunity. And because the Board is entitled to sovereign immunity, Dykman's claims for violations of Title I of the ADA must be dismissed.

## II. Even if the Court analyzes Dykman's disability discrimination claims under the Rehabilitation Act, his lawsuit must still be dismissed.

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). With the exception of the "solely by reason of" standard of

---

[12] *See* dkt. 1.

causation, the Rehabilitation Act incorporates the standards of the ADA's Title I and thus analysis under ADA law is appropriate when addressing the Rehabilitation Act. *Brumfield v. City of Chicago*, 735 F.3d 619, 630 (7th Cir. 2013).

As explained in Section I., above, the Board has sovereign immunity from Dykman's claims under Title I of the ADA. However, given the Plaintiff's *pro se* status, Defendant recognizes that the Court may provide leave for the Plaintiff to amend his complaint to state his disability discrimination claim under the Rehabilitation Act, if he alleges that the Board receives federal funding. However, for the reasons outlined in Sections III. and IV., below, permitting Dykman to amend his complaint to state a claim under the Rehabilitation Act would be futile, as any claims under the Rehabilitation Act are barred by the statute of limitations and the doctrine of claim preclusion.

### III.   Dykman's lawsuit must be dismissed because it's barred by the statute of limitations.

Because the Rehabilitation Act does not contain its own statute of limitations, the Seventh Circuit has found that the most appropriate statute of limitations to borrow from is the state statute "governing personal injury suits." *See Cheeney v. Highland Community College*, 15 F.3d 79, 81 (7th Cir. 1994). In Wisconsin, federal courts analyzing Rehabilitation Act claims have applied the statute of limitations applicable to injury to character or other rights, Wis. Stat. § 893.53, which prescribed a 6-year statute of limitations at the time of Dykman's alleged injury.[13] *See, e.g., Jane*

---

[13] As of April 3, 2018, the statute of limitations for actions under Wis. Stat. § 893.53 is now 3 years.

*Doe v. County of Milwaukee*, 871 F.Supp. 1072, 1077 (E.D. Wis., 93-C-1097. Jan. 10, 1995).

According to Dykman's complaint, the change of his rolling-horizon appointment occurred on March 24, 2014.[14] Dykman did not file this lawsuit until April 7, 2023, more than 9 years after the date of the alleged adverse action.[15] Dykman's lawsuit is untimely and must be dismissed. Statutory limitation periods are not mere technical requirements that may be avoided in the normal course of events. Rather, they serve several important purposes. As the Supreme Court has explained, statutes of limitation "promote justice by preventing . . . the revival of claims . . . [after] evidence has been lost, memories have faded, and witnesses have disappeared." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). They also ensure "essential fairness to defendants" by preventing a plaintiff from "sleeping" on his rights, allowing them to become stale. *Id.*

When a defendant raises the affirmative defense of statute of limitations, the burden is on the plaintiff to prove that the claim has been filed within the limitations period. *Weger v. Shell Oil Co.*, 966 F.2d 216 (7th Cir. 1992). Dykman will be unable to meet this burden with respect to any of his claims. As such, the Court should grant judgment for the Defendant and dismiss Dykman's lawsuit.

---

[14] Dkt. 1 at ¶ 402.
[15] *See* dkt. 1.

## IV.   Dykman's lawsuit must be dismissed under the law of claim preclusion.

### 1.   The law of claim preclusion.

Claim preclusion bars claims that were asserted or could have been asserted in a prior action. *See Palka v. City of Chicago*, 662 F. 3d 428, 437 (7th Cir. 2011). "The principle underlying res judicata–or claim preclusion–is to minimize 'the expense and vexation attending multiple lawsuits, conserve[ ] judicial resources, and foster[ ] reliance on judicial action by minimizing the possibility of inconsistent decisions'." *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011). When a state court decision is the focus of the claim preclusion defense, a federal district court must turn to state preclusion law because, through 28 U.S.C. § 1738,[16] "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (citation omitted) (internal quotation marks omitted).

### 2.   Dkykman had full and fair opportunity to litigate his claims in the state court proceedings.

Before reaching the claim preclusion factors of Wisconsin law, the Seventh Circuit has instructed district courts to first "determine whether, as a matter of federal law, [the plaintiff] was afforded 'a full and fair opportunity to litigate' his

---

[16] 28 U.S.C. § 1738 states in pertinent part: "Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

claim in the state court proceeding." *Krison v. Nehls*, 767 F.2d 344, 348 (7th Cir. 1985) (citation omitted). "To qualify for the full faith and credit provided in [28 U.S.C.] § 1738, state proceedings need no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause." *Id.* (citation omitted) (internal quotation marks omitted). "The fact that the prior state action was in the nature or certiorari to review and administrative proceeding does not deprive the earlier action of its preclusive effect if the court had the authority to review substantive legal claims beyond administrative review." *Id.* (citation omitted) (internal quotation marks omitted). This Court, then, must determine whether the state court proceeding provided Dykman with the opportunity to raise his claims of disability discrimination. *See id.*

Wis. Stat. § 227.57(8), the state statute that defines the scope of judicial review of administrative agency decisions, provides that the state courts have the ability to grant the plaintiff relief when an agency decision is "in violation of a constitutional or statutory provision." The language of Wis. Stat. § 227.57(8) makes clear that Dykman had an opportunity to raise any arguments that the Board's decision to change his rolling-horizon appointment was in violation of other "statutory provision[s]," such as the ADA or Rehabilitation Act. Dykman, therefore, had "a full and fair opportunity to litigate" any claims that the change of his rolling-horizon appointment was in violation of the ADA or the Rehabilitation Act. Accordingly, the Wisconsin state court judgment upholding the change of Dykman's rolling-horizon

13

appointment was appropriate and not the result of impermissible disability discrimination is entitled to full faith and credit under 42 U.S.C. § 1738.

### 3. Wisconsin's three claim preclusion factors are met, requiring dismissal of Dykman's lawsuit.

In Wisconsin, claim preclusion has three elements: "(1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and (3) a final judgment on the merits in a court of competent jurisdiction." *N. States Pow er Co. v. Bugher*, 189 Wis. 2d 541, 551, 525 N.W.2d 723 (1995); *Froebel v. Meyer*, 217 F.3d 928, 933 (7th Cir. 2000). All three factors are met here.

#### a) Identity of parties or their privies.

In the state court action, Dykman sued the Board, the same party he sues here. The first claim preclusion factor is met.

#### b) Identity of the cause of action.

As to the second factor, "Wisconsin has adopted a transactional approach to determining whether two suits involve the same cause of action." *Bugher*, 189 Wis. 2d at 553. This means that "if both suits arise from the same transaction, incident or factual situation, [claim preclusion] generally will bar the second suit." *Id.* at 554 (citation omitted) (internal quotation marks omitted). "An identity of causes of action exists when both the prior and subsequent claims arise out of the same transaction, defined for res judicata purposes as 'a single core of operative facts giving rise to a remedy." *Edmonds v. Operating Eng'rs Local 139*, 620 F. Supp. 2d 966, 972 (W.D.

14

Wis. 2009) (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986)).

Dykman is proceeding with disability discrimination claims against the Board, specifically alleging the change of his rolling-horizon appointment was the product of disability discrimination. Dykman raised this very same claim same in his state court lawsuit.[17] An identity of the cause of action exists here because both the state court and federal court claims arise out of the same facts concerning the change of Dykman's rolling-horizon appointment.

While Dykman was not entitled in a Wis. Stat. Ch. 227 judicial review to litigate *separate* claims for relief, he was obligated to raise all grounds for reversal of the Board's decision listed in Wis. Stat. § 227.57. And Dykman did, in fact, argue that the Board's change of his rolling-horizon appointment was the product of disability discrimination for the very same reasons he asserts in the present lawsuit. Indeed, the whole purpose of Dykman's judicial review was to challenge the Board's change of his rolling-horizon appointment. But Dykman cannot relitigate the claims he brought, and lost, in Wisconsin State Court. Claim preclusion bars claims that were asserted or could have been asserted with respect to the Board's change of Dykman's rolling-horizon appointment. *See Palka v. City of Chicago*, 662 F. 3d at 437.

The second factor of claim preclusion is met.

---

[17] *See* Simcox Decl. ¶¶ 2-5; Exs. 1000-1003.

### c)    There is a final judgment on the merits in a court of competent jurisdiction.

The third factor of claim preclusion is also met. On June 8, 2020, Dane County Circuit Court issued its final decision and order, the Dane County Circuit Court issued a decision and order denying Dykman's petition to overturn the change of his rolling-horizon appointment.[18] With the state court's June 8, 2020 final decision and order, Dykman's subsequent appeal to the Wisconsin Court of Appeals, and Dykman's failed attempt to appeal to the Wisconsin Supreme Court, Dykman's state court lawsuit is final and has been closed since January of 2022.[19] *See* Wis. Stat. § 808.03(1) ("A final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties….") *See also Bugher*, 189 Wis. 2d at 555.

"Res judicata promotes predictability in the judicial process, preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being haled into court repeatedly." *Palka*, 662 F.3d at 437. Although Dykman may be dissatisfied with the state court's ruling, his dissatisfaction with the state court's ruling does not provide a reason to allow him to relitigate these claims in federal court. *See Palka*, 662 F. 3d at 437. Dykman's claim in the present case boils down to whether the Defendant violated the laws that prohibit disability discrimination in the workplace. Thus, Dykman's claim in this lawsuit has already been adjudicated and must be dismissed.

---

[18] Simcox Decl. ¶ 5, Ex. 1003.
[19] *See* https://wcca.wicourts.gov/caseDetail.html?caseNo=2019CV002237&countyNo=13&index=0

## CONCLUSION

The Defendant requests the Court to grant its motion and dismiss Dykman's lawsuit in its entirety.

Dated July 20, 2023.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

ANNIE V. PETERING
Assistant Attorney General
State Bar #1102422

s/ Jeffery A. Simcox
JEFFERY A. SIMCOX
Assistant Attorney General
State Bar #1116949

Attorneys for Defendant

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-9227 (Petering)
(608) 266-3861 (Simcox)
(608) 294-2907 (Fax)
peteringav@doj.state.wi.us
simcoxja@doj.state.wi.us