IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BENJAMIN M. DYKMAN,

                    Plaintiff,                                  OPINION and ORDER

        v.                                                        23-cv-217-jdp

BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM,

                    Defendant.

Plaintiff Benjamin Dykman, proceeding pro se, filed this lawsuit against his former employer, the Board of Regents of the University of Wisconsin System. Dykman alleges that the Board discriminated against him by revoking his teaching appointment based on its belief that he had a disability and then refusing to overturn that decision during the grievance process. Dkt. 1. The Board of Regents moves to dismiss the complaint. Dkt. 6. Dykman filed his suit more than nine years after the alleged adverse employment decision, so it is untimely. In addition, he already litigated this case in state court and lost, so his suit is barred under the doctrine of claim preclusion. Accordingly, his complaint must be dismissed.

BACKGROUND

The following facts are drawn from Dykman's complaint and from documents publicly available in his state court case.[1] *See Phillips v. Prudential Ins. Co. of America*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) ("In conducting our review [under 12(b)(6)], we must consider not

---

[1] *See Dykman v. Bd. of Regents*, Dane County Circuit Court Case 2019-CV-2237, Wisconsin Court of Appeals Case 2020AP1256. Copies of the courts' opinions are attached to the Declaration of Jeffrey Simcox, Dkt. 8, and are subject to judicial notice under Fed. R. Evid. 201.

only the complaint itself, but also. . . documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice."). For the purposes of deciding the motion to dismiss, I must accept Dykman's plausible factual allegations as true and draw all reasonable inferences in his favor. *Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016).

Dykman was employed by the University of Wisconsin-Madison for approximately 20 years, serving as a visiting assistant professor, a lecturer, and a senior lecturer. In 2014, he had a "Rolling Horizon" teaching appointment in the Psychology Department, which offered him some limited job protection. But in March 2014, based on alleged poor performance, the department revoked Dykman's rolling-horizon appointment and changed his employment classification to a less secure, one-year, fixed-term renewable appointment. The department made this decision at a meeting of its executive committee on March 24, 2014.

Dykman challenged the revocation of his rolling-horizon appointment through the university's internal grievance process. Those proceedings concluded in late 2017. Then, in February 2018, he filed a discrimination complaint with the university's office of compliance, alleging that the decision to change his appointment had been motivated by disability discrimination. Dykman claimed to have received an audio recording of the executive committee's March 24, 2014, meeting, in which committee members described him as "violence prone" and possibly suffering from neurological problems as a result of a biking accident. Dykman contended that the recording showed that the committee voted to revoke his rolling horizon appointment because they perceived him as being disabled.

The office of compliance rejected Dykman's claim. Dykman then appealed to the provost, which upheld the decision. The Interim Provost was the final decisionmaker on Dykman's complaint.

Dykman then filed a complaint with Wisconsin's Equal Rights Division, followed by a civil action for judicial review in the Circuit Court for Dane County, naming the Board of Regents as respondent. In his petition for judicial review, Dykman challenged the "wrongful revocation" of his rolling-horizon teaching appointment. He alleged, among other things, that the committee's decision was based on impermissible disability discrimination. He asked to be reinstated to his rolling-horizon appointment and for additional injunctive and monetary relief.

On June 9, 2020, the circuit court issued a decision and order, rejecting Dykman's arguments and upholding the provost's final decision. Dykman appealed to the Wisconsin Court of Appeals, which affirmed the circuit court's decision. Considering the merits of Dykman's disability discrimination claim, the state appellate court found that the transcript of the March 2014 committee meeting "supports the Provost's determination that the evidence is insufficient to show that these comments were a 'motivating factor' leading to the decision to revoke his [rolling-horizon] appointment." Dkt. 8, Exh. 4, at 13. Dykman then missed his 30-day window to file a petition for review with the Wisconsin Supreme Court.

Dykman filed this federal suit in April 2023.  He contends that the University of Wisconsin violated the Americans with the Disabilities Act (ADA) by discriminating against him based on a perceived disability when they revoked his teaching appointment in March 2014. Dykman alleges that an audio recording demonstrates that, before voting to change his appointment, some committee members "falsely described the Plaintiff as having a number of extreme and shocking disabilities, none of which he actually had." Dkt. 1, at ¶ 403(1).

ANALYSIS

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 556 (2007)). But dismissal is proper when the claim is precluded by a dispositive issue of law or when it is clear that "no relief could be granted under any set of facts that could be proved consistent with [the plaintiff's] allegations[.]" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The Board moves for dismissal for three reasons: (1) Dykman's ADA claims are barred by sovereign immunity; (2) his suit is untimely; and (3) his suit is barred by the doctrine of claim preclusion. The Board is correct on all three grounds, but only grounds (2) and (3) provide a basis for dismissal.

## A. Sovereign immunity

Sovereign immunity bars Dykman from suing the Board under Title I of the ADA, which is the section that applies to claims of employment discrimination such as the one Dykman asserts here. *See Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 360 (2001); *Tennessee v. Lane*, 541 U.S. 509, 516–17 (2004). But as the Board acknowledges, principles of sovereign immunity do not apply to claims brought under the Rehabilitation Act, 29 U.S.C. § 794. The Rehabilitation Act has the same substantive standards as the ADA but applies only to institutions that receive federal funding, which undoubtedly includes the university. *See*

4

*Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Rather than require Dykman to amend his complaint, I will treat his disability discrimination claim as having been brought under the Rehabilitation Act. So sovereign immunity does not provide a basis to dismiss the complaint.

**B.  Dykman's discrimination claim is untimely**

Even so, Dykman's claim must be dismissed because it is untimely. The Rehabilitation Act does not have its own statute of limitations, so courts borrow statutes of limitations from state statutes. *Cheeney v. Highland Comm. College*, 15 F.3d 79, 81–82 (7th Cir. 1994). Federal courts in Wisconsin adjudicating Rehabilitation Act claims apply Wis. Stat. § 893.53, which applies to injury to character or other rights. *See, e.g., Jane Doe v. Cty. of Milwaukee*, 871 F. Supp. 1072, 1077 (E.D. Wis. 1995). In March 2014, when the adverse action occurred in this case, § 893.53 prescribed that such claims had to be brought within six years. (In 2018, the state of limitations was changed to three years.)

The Board asserts that Dykman's suit is untimely because the committee decided to change Dykman's appointment from a rolling-horizon appointment to a fixed-term appointment on March 24, 2014, more than nine years before he filed this suit. But Dykman denies that this is the "adverse event" that he is contesting in this lawsuit. According to Dykman, the "only adverse event" at issue is the Interim Provost's July 11, 2019, final decision to uphold the committee's determination, which he says itself was "replete with violations" of the ADA. Specifically, Dykman contends that the Interim Provost committed a separate, discrete act of disability discrimination by rejecting Dykman's ADA claim and upholding the committee's decision. *See* Dkt. 9, at 15 (Dykman's opposition brief); Dkt. 12-1, at 2 (sur-reply).

Dykman can't forestall the accrual of his claim by five years by pointing to an adverse decision in the university's grievance process instead of the underlying discriminatory act itself.

As the Seventh Circuit has held on several occasions, "[a]n employer's refusal to undo a discriminatory decision is not a fresh act of discrimination." *Lever v. Northwestern Univ.*, 979 F.2d 552, 556 (7th Cir. 1992); *see also Williamson v. Indiana Univ.*, 345 F.3d 459, 463 (7th Cir. 2003). Rather, "when the first decision is connected to and implies the second—when, in other words, a single discriminatory decision is taken, communicated, and later enforced despite pleas to relent—the time starts with the initial decision." *Id*. at 556. Here, the Interim Provost's 2019 decision was not a separate, ad hoc decision; rather, it was a decision enforcing the initial, 2014 decision despite Dykman's "pleas to relent." Dykman's claim accrued in March 2014, meaning that he filed his lawsuit about three years too late.

## C.  Dykman's suit is barred by claim preclusion

Even if not untimely, Dykman's discrimination claim against the Board is plainly barred by the doctrine of claim preclusion. The doctrine of claim preclusion, or res judicata, aims to encourage the finality of judgments and prevent repetitive litigation. The doctrine bars relitigation of the same cause of action between the same parties where the first litigation resulted in a valid, final judgment on the merits. *Wilhelm v. County of Milwaukee*, 325 F.3d 843, 846 (7th Cir. 2003). In deciding whether claim preclusion applies here, the court applies Wisconsin law. *Id*.

In Wisconsin, as in most jurisdictions, claim preclusion bars "all subsequent actions between the same parties as to all matters which were litigated or which might have been litigated in the former proceedings." *Teske v. Wilson Mut. Ins. Co.*, 2019 WI 62, ¶ 23, 387 Wis. 2d 213, 225, 928 N.W.2d 555, 561 (2019) (quoting *Lindas v. Cady*, 183 Wis. 2d 547, 558, 515 N.W.2d 458 (1994)). The doctrine applies when there is (1) identity between the parties or their privies in the prior and present suits; (2) identity between the causes of action in the

two suits; and (3) a final judgment on the merits in a court of competent jurisdiction." *N. States Power Co. v. Bugher*, 189 Wis. 2d 541, 525 N.W.2d 723 (1995).

Dykman concedes that the parties in his state court case and this case are identical and that he received a final judgment on the merits from the state circuit court, which was affirmed on appeal. So the first and third criteria for claim preclusion are met.

Dykman disputes the second element, arguing that the causes of action in the two cases are different. According to Dykman, his state case was a "broad Chapter 227 Agency review" that covered a "much broader range of issues" than the single claim of perceived disability discrimination he asserts in this case. Dkt. 9, at 19.

This argument is unpersuasive. Wisconsin has adopted the "transactional approach" set forth in the Restatement (Second) of Judgments to determine whether there is an identity of the claims between two suits. *Kruckenberg v. Harvey*, 2005 WI 43, ¶ 25, 279 Wis. 2d 520, 532–33, 694 N.W.2d 879, 886. Under this approach, what matters is whether the two lawsuits arise from "a common nucleus of operative facts," not whether the legal theories and the evidence needed to support those theories are identical. *Id.*, at ¶ 26, 279 Wis. 2d at 533–34, 694 N.W.2d at 886. Thus, "'if both suits arise from the same transaction, incident or factual situation, [claim preclusion] generally will bar the second suit.'" *Bugher*, 189 Wis. 2d at 554, 525 N.W.2d at 729 (quoting *Pliska v. City of Stevens Point*, 823 F.2d 1168, 1172 (7th Cir.1987)).

Here, Dykman's federal suit and his state court lawsuit plainly arise from the same nucleus of operative facts. The conduct at the core of his state court petition and subsequent appeal was the department's decision in March 2014 to change his employment classification. Because that is the very same transaction he challenges in this lawsuit, the causes of action are the same. Even if Dykman sought to assert new claims in this case, those claims are barred by

res judicata because he was required to raise all legal theories in one lawsuit. *See Wilson v. City of Chicago*, 120 F.3d 681, 686 (7th Cir. 1997) ("Two claims arising from the same set of facts are one claim for res judicata purposes, and may not be split . . . by making each claim the subject of a separate suit."). Moreover, to the extent that Dykman insists that this case is about the Interim Provost's decision finding no disability discrimination (as opposed to the committee's decision to reclassify his teaching appointment), the propriety of the provost's decision was also at the center of his petition for judicial review in the state courts. The causes of action in Dykman's state court case and this one are identical.

Dykman argues that barring his suit would be fundamentally unfair because he was never allowed to call witnesses in the state court proceedings and the record was incomplete. Dkt. 9, at 17. But this type of fairness matters under the doctrine of issue preclusion, not claim preclusion. *Kruckenberg*, 2005 WI 43, ¶ 25, 279 Wis. 2d at 532–33, 694 N.W.2d at 886. Dykman urges the court to apply issue preclusion rather than claim preclusion to his complaint, but he cites no authority for that argument, and the court is not aware of any.

In sum, all three requirements of claim preclusion are present, so the complaint must be dismissed.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for leave to file a sur-reply, Dkt. 12, is GRANTED.

2. Defendant's motion to dismiss the complaint under Rule 12(b)(6), Dkt. 6, is GRANTED.

3.  The clerk of court is directed to enter judgment for defendant and close this case.

Entered November 28, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge